UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELLOUS B. DRUMMER,<br>Petitioner,<br>v.<br>ROBERT NEUSCHMID,<br>Respondent. | Case No. 18-cv-02159-SI<br><br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. No. 1 |

Marcellous B. Drummer, an inmate at the California State Prison - Solano, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**BACKGROUND**

The petition, attachments thereto, and the California Court of Appeal's decision in *People v. Drummer*, Cal. Ct. App. No. H041826 (opinion filed June 15, 2017), provide the following information: Drummer was convicted in 2014 in Santa Clara County Superior Court of murder, robbery of an inhabited place while acting in concert, battery, making criminal threats, and false imprisonment. Certain sentence enhancement allegations were found true. On December 19, 2014, Drummer was sentenced to a determinate term of 11 years, plus consecutive terms of life imprisonment without the possibility of parole and 15 years to life in prison.

Drummer appealed. In an opinion filed June 15, 2017, the California Court of Appeal reversed the judgment, with directions to the trial court to (a) strike the 10-year gang enhancement on count one, (b) strike the battery conviction, and (c) correct certain errors in the abstract of

1 judgment. *Drummer*, slip op. at 10. The California Supreme Court denied review on August 23, 2017. Drummer then filed this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges two claims. First, Drummer contends that, as a matter of state law, the sentence for false imprisonment should be stayed pursuant to California Penal Code § 654 because the false imprisonment was part of the same indivisible course of conduct involved in another offense for which he received a separate sentence. This claim is dismissed because federal habeas relief is not available for state law errors. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011). A "federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Id.* (citations omitted).

Second, Drummer contends that the felony murder special circumstance statute "does not meaningfully narrow the class of felony-murder defendants subject to a special circumstance finding" and therefore violates the Eighth and Fourteenth Amendments to the U.S. Constitution. Docket No. 1 at 20. Liberally construed, this claim appears to be cognizable in a federal habeas action and warrants a response.

**CONCLUSION**

For the foregoing reasons,

1. The petition states a cognizable claim for habeas relief and warrants a response.

2. The clerk shall serve a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **September 21, 2018**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **October 19, 2018**.

5. Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

**IT IS SO ORDERED**.

Dated: July 10, 2018

SUSAN ILLSTON
United States District Judge